928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie D. EDWARDS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-1375.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 89-60179; La Plata, J.
 E.D.Mich.
 AFFIRMED.
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and RUBIN, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff, Willie Edwards appeals the summary judgment affirming the Secretary's denial of social security disability benefits under 42 U.S.C. Sec. 423. We agree that substantial evidence supports the Administrative Law Judge's finding that Edwards has retained the residual functional capacity to perform sedentary work and that he is, therefore, ineligible for disability benefits.
 
 I.
 
 2
 Edwards was born on August 12, 1946, and was forty years-old at the time of the initial hearing. He has a high school education and is currently pursuing an accounting degree. He last worked in 1983 as a press operator for the Ford Motor Company. His work was performed while standing and it involved lifting up to thirty pounds.
 
 
 3
 Edwards filed for social security disability benefits in August 1985, alleging that he became disabled and unable to work due to a left shoulder injury which occurred in a jeep accident in 1983. After two hearings, the Social Security Administration ("SSA") denied Edwards benefits initially and upon reconsideration. A de novo hearing was conducted in August 1986 before an Administrative Law Judge ("ALJ"). At the hearing, the ALJ remanded the matter to the SSA, finding that there was new evidence that Edwards had a mental impairment. But the SSA again denied Edwards benefits. The ALJ affirmed this decision, finding that although Edwards was unable to perform his past work, he retained the residual functional capacity for a limited range of sedentary work. The ALJ considered Edwards' inability to perform detailed or complex work; his inability to operate hand controls with his nondominant hand; and, his inability to use his nondominant hand for more than assistance. Because the ALJ found that a significant number of jobs existed in the national economy that would accommodate Edwards' impairments, Edwards was deemed not disabled.
 
 II.
 
 4
 To qualify for disability insurance benefits, a claimant must: (1) meet certain insured status requirements; (2) be under the age of 65; (3) file an application for such benefits; and (4) be under a disability as defined by the Social Security Act. 42 U.S.C. Secs. 416(1), 423.
 
 
 5
 A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Sec. 423(d)(1)(A). Moreover, the impairment must render an individual unable to engage in his previous work or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. Sec. 423(d)(2).
 
 
 6
 Edwards appeals the Secretary's conclusion that he is not disabled and that he could perform a significant number of sedentary jobs that exist in the national economy. Edwards complains that his pain is of such severity that it prevents him from performing any type of sedentary work. Edwards also claims that his mental impairment prevents him from working because he is unable to remember or carry out instructions.
 
 
 7
 In determining whether a person is unable to work, the Secretary considers all symptoms of physical or mental impairments. 20 C.F.R. Sec. 404.1529. However, the Secretary will never find that an individual is disabled based upon claimed symptoms, unless "medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." Id.; see also Blankenship v. Bowen, 874 F.2d 1116, 1123 (6th Cir.1989).
 
 
 8
 Factors that are usually associated with severe pain are muscle atrophy, structural problems revealed by x-rays, and reflex and sensory abnormalities. See, e.g., Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir.1986). In Mullen, this court found that an absence of muscle spasms, atrophy, reflex abnormality or sensory deficit indicates the absence of severe, disabling pain. Similarly, in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 854 (6th Cir.1986), this court found that x-rays showing "mild" back problems and a lack of neurological deficits indicate the absence of severe, disabling pain.
 
 
 9
 Objective medical evidence demonstrates that Edwards experiences a shortened clavicle and some mild atrophy. However, there is no objective medical evidence or medical condition that could be reasonably expected to produce Edwards' pain. Edwards' condition is characterized as mild. His left shoulder range of motion is full to at least 90 degrees, and his sensory and motor functions remain intact. Moreover, there is no swelling or warmth in the shoulder joint, and circulatory and neurological tests reveal no notable defects. Furthermore, x-rays of Edwards' shoulder joint have been normal and changes that have been observed only reflect surgery. The post-surgical changes are not acute and the most significant finding was the possibility of mild regeneration of the bone that might have produced irritation of the AC joint. Additionally, Dr. Swienckowski expressed skepticism about Edwards' complaints of severe pain in light of Edwards' full range of motion and the mild changes observed. These findings strongly support the Secretary's decision that Edwards can perform sedentary work that does not require him to use his left hand for more than a "helper."
 
 
 10
 Nevertheless, Edwards claims that the ALJ incorrectly rejected Dr. Johnson's conclusion that Edwards' condition was so disabling that he is precluded from performing even sedentary work. However, the ultimate determination of disability is the province of the Secretary, and a physician's conclusory statements as to disability are not binding. King v. Heckler, 742 F.2d 968, 978 (6th Cir.1984); 20 C.F.R. Sec. 404.1527 (1989). Although medical opinions and diagnoses of treating physicians are generally accorded substantial deference, this court has held that a physician's opinion that is unsupported by objective medical findings, or is contradicted by other substantial evidence in the record, is not dispositive to the issue of a plaintiff's disability. Higgs v. Bowen, 880 F.2d 860, 863-64 (6th Cir.1988); Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922 (6th Cir.1987).
 
 
 11
 Although Dr. Johnson opined that Edwards' left deltoid muscle appeared to be atrophied, he provided no measurements. Similarly, Dr. Johnson said that Edwards' x-rays were normal, apart from a small defect in the AC joint, and that Edwards' sensation and motor function appeared to be intact. Moreover, Doctors Sinah, Swienckowski, and Salamon all reported a full range of motion in Edwards' left shoulder. These findings fail to support the opinion of disability. Because Dr. Johnson's conclusion regarding Edwards' inability to perform sedentary work conflicts with his own medical findings, and is contradicted by other evidence in the record, the ALJ correctly rejected Dr. Johnson's conclusion.
 
 
 12
 Edwards also claims that his psychiatric condition, either alone or in combination with his physical impairments, is disabling. However, substantial evidence supports the conclusion that Edwards' mental condition does not rise to the level which precludes him from engaging in any substantial gainful activity. Edwards' ability to sustain his academic activities successfully for more than two years is the best indicator that Edwards is not disabled by his alleged mental condition.
 
 
 13
 We hold that there is substantial evidence to support the Secretary's conclusion that Edwards is not under a disability and is not entitled to social security disability benefits.
 
 III.
 
 14
 Based upon the foregoing, we AFFIRM the district court's judgment.
 
 
 
 *
 The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation